## COURTS—OFFICERS—EVIDENCE.

[Hamilton (1st) Circuit Court, 1901.]

A. H. Pugh Printing Co. v. W. M. Yeatman et al.

1. Courts will not Control Official Discretion.

Courts cannot control the discretion of the deputy state supervisors of elec tions. Therefore, the deputy state supervisors of elections of Hamilton county in whom is lodged the discretion under Secs. 2966–8, 2966–28, Rev. Stat., of letting contracts for the printing of ballots to the lowest responsible bidder, will not be restrained, in the absence of wrongful, fraudulent, collusive or arbitrary action on their part, from accepting what they believe to be the lowest responsible bid, notwithstanding a lower bid was rejected because the firm presenting it was a non-union office, the board believing that there was more liability of interference with their performance of the contract by a strike than if given to a union office.

2. Presumption as to Exercise of Discretion—Evidence.

The presumption is that the deputy state supervisors of elections have exercised a sound discretion in letting contracts to the lowest responsible bidders as provided by Secs. 2966–28, Rev. Stat., and the burden of proof is on one attacking their action to show clearly a state of facts constituting an abuse of discretion in order to authorize a court of equity to interfere. Hence, the testimony of one member of such a board as to the opinions of the remainder of the board in letting a contract, is clearly incompetent and accordingly his testimony alone is a manifest failure of proof as against the board as a body.

Appeal.

*W. W. Ramsey*, for plaintiff.

*G. C. Wilson* and *Oliver B. Jones*, county solicitors, for defendants.

Per Curiam.

This case is submitted on appeal on the testimony taken in the common pleas court.

Counsel agree that the matter of letting this contract "to the lowest responsible bidder" is, by Secs. 2966–8 and 2966–28, Rev. Stat., lodged in the discretion of the deputy state supervisors of elections of Hamilton county, and that this discretion must be a sound discretion. The presumption is that the supervisors have exercised a sound discretion, and the burden of proof is on plaintiff to show, with that clearness which is always necessary to move a court of equity to interfere, a state of facts which would constitute an abuse of discretion.

The courts can not be substituted for the deputy state supervisors of elections. Neither can the courts control the supervisors in the exercise of their discretion. It is only when the courts find present some of the equitable grounds of fraud or mistake, or find the decision or award to be wrongful, fraudulent, collusive or arbitrary, that they can set aside or restrain the conclusions or determinations of such a board.

The plaintiff has only seriously challenged the judgment and conduct of one of the supervisors, Mr. Griffith C. Little, and except as Mr. Little testifies as to the opinions of his fellow supervisors on pages 23 and 24 the conduct and decision of the other three are unquestioned.

It was clearly incompetent for Mr. Little to testify as to the opinions of the other supervisors. This being so, there is a manifest failure of proof against Messrs. Herancourt, Glazier and Yeatman, and against the board of supervisors as a body.

But coming to Mr. Little's conduct and decision, he gives a reason for doing as he did. Whether this court, sitting in his place, would have given this reason the same consideration he gave to it, have accorded to it the same or less weight, or have in view of it come to the same decision or not, is beside the question and immaterial. The remotest and slightest increase of chances of anything interfering with the franchises of ninety thousand electors on the day of election as against an increased cost of two hundred dollars, presents a ponderable question which might well honestly be resolved one way or the other. In Mr. Little's conduct and decision there certainly was nothing wrongful, fraudulent, collusive or arbitrary, and whether this court or other citizens or the plaintiff agree with him or not there was no abuse of discretion in awarding the contract as he voted to do.

We find, therefore, on the facts that plaintiff has failed to make out a case which would entitle it to an injunction.

A restraining order will be denied.